Jim Mackie, SBN013314
Christopher M. Pastore, SBN 026340
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Telephone:  520.544.0300
Fax:  520.544.9675
jim.mackie@ogletreedeakins.com
christopher.pastore@ogletreedeakins.com

Attorneys for Defendant Metropolitan Life
Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Mark R. Hine<br><br>and<br><br>The Chapel of the Crowned King<br><br>    Defendants. | No.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER**<br><br>**AND**<br><br>**RULE 67 MOTION TO DEPOSIT MONIES** |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, and for its Complaint in Interpleader states:

## PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.  It is duly licensed to do business in the State of Arizona.

2. Upon information and belief, Defendant Mark R. Hine is the surviving spouse of Karen J. Hine (the "Decedent"), and he may be served with process at P.O. Box

540, Crown King, Arizona  86343.

3. Upon information and belief, Defendant The Chapel of the Crowned King is a religious, non-profit corporation established and doing business in Arizona, and may be served with process on its registered agent, Daniel Woodward, at 457 Main St., Crown King, Arizona  86343.

## JURISDICTION AND VENUE

4. This is an interpleader action under Rule 22 of the Federal Rules of Civil Procedure.  The Court has original, federal question jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*.

5. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) both because the Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## FACTS

6. The Decedent, a former employee of CenturyLink, Inc. ("CenturyLink") was a participant in CenturyLink's Group Life Insurance Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by CenturyLink and funded by a group life insurance policy (No. 148069-1-G) issued by MetLife.   A true and correct copy of the Certificate of Insurance is attached as Exhibit A.

7. In accordance with the group certificate of insurance issued to CenturyLink pursuant to the Plan and Decedent's coverage elections, MetLife issued basic and supplemental group term life insurance coverage to Decedent.

8. MetLife, as claim administrator and fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

9. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).  The Certificate of Insurance provides, at pages 19 and

29, the right of a Plan participant to name his or her beneficiary and states that benefits will be paid to the beneficiary.

10. The Decedent died on August 20, 2013. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit B.

11. At the time of her death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the total amount of TEN THOUSAND DOLLARS ($10,000), and Supplemental Life insurance coverage in the total amount of TWO HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($225,000) (the "Plan Benefits"). The Plan Benefits became payable upon Decedent's death pursuant to the terms of the Plan.

12. The latest beneficiary designation on file with the Plan is dated December 12, 2012 (the "December 2012 Designation"). With respect to the Basic Life insurance benefits, the December 2012 Designation names Mark Hine, Decedent's spouse, as the primary beneficiary for 100% of Decedent's Basic Life insurance benefits. With respect to the Supplemental Life insurance benefits, the December 2012 Designation names Mark Hine as 10% beneficiary, and The Chapel of the Crowned King as 90% beneficiary. The December 2012 Designation, as well as all other designations under the Plan made by Decedent, were made electronically. As such, Decedent did not fill out or complete "hard copy" beneficiary designation forms regarding the Basic Life and Supplemental Life insurance benefits under the Plan. A true and correct copy of a screenshot from Aon Hewitt, PLC (the Plan's third-party administrator) evidencing the December 2012 Designation is attached as Exhibit C.

13. The next prior, and only other, beneficiary designation on file with the Plan, effective January 1, 2010 (the "January 2010 Designation"), names Mark Hine as the sole, primary beneficiary for 100% of the Plan Benefits ("January 2010 Designation"). (*See* Exhibit C.) Decedent's January 2010 Designation is a combined designation for both the Basic and Supplemental Life insurance benefits. The January 2010 Designation and December 2012 Designation are the only beneficiary designations

3

on file with the Plan administrator.

14. By letter dated October 24, 2013, Mark Hine challenged the validity of Decedent's December 2012 Designation on the grounds that the Decedent was incapacitated when she made the December 2012 Designation. Specifically, Mark Hine alleged that Decedent "was bipolar and on psychoactive medications since the late 1980s" and that Decedent made the December 2012 Designation while "cycled up into a manic state." A true and correct copy of Mark Hine's October 24, 2013 letter is attached as Exhibit D.

15. On October 25, 2013, MetLife paid Mark Hine TEN THOUSAND DOLLARS ($10,000) for the uncontested Basic Life insurance benefits. Subsequently, MetLife also paid Mark Hine TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($22,500) for the uncontested portion (10%) of the Supplemental Life insurance benefits. As a result, only TWO HUNDRED AND TWO THOUSAND FIVE HUNDRED DOLLARS ($202,500) of the Supplemental Life insurance benefits remain at issue (the "Remaining Benefits").

16. By letter dated November 13, 2013, MetLife advised Mr. Hine and The Chapel of the Crowned King (collectively, "Defendants") that, in light of Mark Hine's challenge of the December 2012 Designation, their respective claims for the Remaining Benefits were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave the Defendants an opportunity to resolve their dispute amongst themselves in order to preserve the Remaining Benefits from litigation costs and fees. A true and correct copy of MetLife's November 13, 2013 letter is attached hereto as Exhibit E.

17. By letter dated December 12, 2013, The Chapel of the Crowned King, through counsel, notified MetLife that "[a]t this stage, there is no agreement between the parties," and "it is not anticipated that resolution will be reached without the filing of an interpleader action and Court intervention." A true and correct copy of The Chapel of the Crowned King's December 12, 2013 letter is attached hereto as Exhibit F.

18. By letter dated February 4, 2014 to MetLife and The Chapel of the Crowned King, Mark Hine stated, through counsel, that there "may be a dispute as to the validity of any Beneficiary Designation submitted by Karen Hine." A true and correct copy of Mr. Hine's February 4, 2014 letter is attached hereto as Exhibit G.

## CAUSE OF ACTION IN INTERPLEADER

19. MetLife re-alleges, as if fully set forth in this paragraph, the allegations in Paragraphs 1 through 18 of this Complaint in Interpleader.

20. As a result of the facts described above, benefits payable under the Plan are subject to competing claims by Mark Hine and The Chapel of the Crowned King. These claims are rival and conflicting.

21. But for Mark Hine's challenge of the December 2012 Designation, MetLife would pay the Remaining Benefits to The Chapel of the Crowned King pursuant to the terms of the Plan, as The Chapel of the Crowned King is the named beneficiary of the Remaining Benefits.

22. At this time, MetLife cannot determine the proper beneficiary of the Remaining Benefits without risking exposure of itself, the Plan, and/or CenturyLink to multiple liabilities.

23. At this time, MetLife cannot reasonably determine whether a court would find the December 2012 Designation valid as a result of the Decedent's alleged incapacity without risking potential exposure of itself, the Plan and/or CenturyLink to multiple liabilities.

24. If a court were to determine that the December 2012 Designation is valid, then the Remaining Benefits would be payable to The Chapel of the Crowned King pursuant to that designation.

25. If a court were to determine that the December 2012 Designation is invalid, then the Remaining Benefits would likely be payable to Mark Hine, pursuant to the January 2010 Designation.

26. Consequently, conflicting issues of fact and law exist as to the proper

beneficiary or beneficiaries under the Plan.

27. Upon information and belief, Defendants are unable to resolve their competing claims for the Remaining Benefits under the Plan.

28. MetLife is ready, willing and able to pay the Remaining Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant(s) the Court shall designate.

29. MetLife is merely a disinterested stakeholder and claims no beneficial interest in the Remaining Benefits payable under the Plan, except for the payment of their reasonable attorneys' fees and costs incurred in bringing this action for interpleader. MetLife has neither claim nor interest in the Remaining Benefits, and has not colluded with either Defendant with respect to the Remaining Benefits. MetLife has voluntarily filed this action in interpleader of its own free will to avoid potential multiple liability and unnecessary suits and costs.

30. As a result of the rival claims described above, it has become necessary for MetLife to retain the services of attorneys to bring this Action in Interpleader and MetLife is entitled to an award of attorneys' fees and costs reasonably incurred in bringing this Action in Interpleader.

## **RULE 67 MOTION TO DEPOSIT MONIES**

31. MetLife re-alleges, as if fully set forth in this Paragraph, the allegations contained in Paragraphs 1 through 30 of this Complaint in Interpleader.

32. Under the terms of the Plan, the Remaining Benefits became payable upon Decedent's death and MetLife is prepared to pay such benefits immediately.

33. Accordingly, MetLife unconditionally offers to deposit, and requests that the Court grant it leave to so deposit, the Remaining Benefits in the total amount of $202,500, plus accrued interest if any, with the Clerk of the Court pursuant to Fed. R. Civ. P. 67, within 30 days of the Court's Order allowing such deposit, and hereby notifies Defendants of such intent.

6

WHEREFORE, MetLife respectfully requests that Defendants Mark Hine and The Chapel of the Crowned King be required to interplead their claims to the Remaining Benefits, and that the Court:

A.   Grant MetLife's Rule 67 Motion to Deposit Monies, thereby allowing MetLife to deposit the Remaining Benefits into the registry of the Court within 30 days of the Court's Order allowing such deposit;

B.   Order Defendants Mark Hine and The Chapel of the Crowned King to answer and present their respective claims to the Remaining Benefits under the Plan;

C.   Issue an order enjoining and restraining Mark Hine and The Chapel of the Crowned King from instituting or further prosecuting any action or proceeding in any state court or United States court against MetLife, the Plan, or CenturyLink for the recovery of the Remaining Benefits;

D.   Dismiss MetLife from this action with prejudice upon deposit of the Remaining Benefits into the Registry of this Court, or as otherwise directed by this Court;

E.   Issue an Order and Judgment releasing and discharging MetLife, the Plan, and CenturyLink from all liability to Defendants on account of any claim arising from or related to the payment of the Remaining Benefits;

F.   Require Defendants to litigate or settle and adjust between themselves their claims for the Remaining Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Remaining Benefits, plus applicable interest if any, should be paid;

G.   Award MetLife its costs and attorneys' fees in connection with this action, to be paid from the Remaining Benefits prior to any award of said benefits to Defendants Mark Hine and/or The Chapel of the Crowned King; and

/ / / /
/ / / /
/ / / /
/ / / /

7

H.     Order such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of April, 2014.

                      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                      By:     /s/ Christopher M. Pastore
                             Jim Mackie
                             Christopher M. Pastore
                             3430 E. Sunrise Drive, Suite 220
                             Tucson, AZ  85718
                             Attorneys for Defendant Metropolitan Life Insurance Company